

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 13, 1975

The Honorable Mark W. White
Secretary of State
Capitol Building
Austin, Texas 78711

Dear Secretary White:

Opinion No. H- 526

Re: Whether any retired
judge is required to
file activities report
under art. 6252-9b,
V. T. C. S.

You have requested our opinion concerning whether retired judges
must comply with the financial disclosure provisions of article 6252-9b,
V. T. C. S.

Section 3(a) of article 6252-9b requires "every elected officer," to
file financial statements. Section 2(2)(c) defines "elected officer" in
part as "a judge of a court of civil appeals, a district court, a court of
domestic relations, or a juvenile court created by special law," as does
section 2(2)(E) concerning persons "appointed to fill a vacancy or newly
created office who, if elected rather than appointed, would be an elec-
tive officer as defined [above]."

Section 1 of the Act provides:

> It is the policy of the State of Texas that no
> state officer or state employee shall have any
> interest, financial or otherwise, direct or in-
> direct, or engage in any business transaction
> or professional activity or incur any obliga-
> tion of any nature which is in substantial con-
> flict with the proper discharge of his duties in
> the public interest. To implement this policy
> and to strengthen the faith and confidence of
> the people of Texas in their state government,
> there are provided standards of conduct and
> disclosure requirements to be observed by
> persons owing a responsibility to the people of

Texas and the government of the State of Texas
in the performance of their official duties.  It
is the intent of the legislature that this Act shall
serve not only as a guide for official conduct of
these covered persons but also as a basis for
discipline of those who refuse to abide by its
terms.

Section 7 of article 6228b, V. T. C. S., provides in part:

No person who has heretofore retired under
the provisions of this Judicial Retirement Act
shall be considered to have been a judicial officer
of this State after such retirement, unless such
person has accepted an assignment by the Chief
Justice to sit in a court of this state.

Section 7A(a) of article 6228b provides:

Any person who has retired under the pro-
visions of this Judicial Retirement Act and who
within ninety (90) days after such retirement
accepts an assignment by the Chief Justice of
the Supreme Court or by a Presiding Judge of
an Administrative Judicial District shall con-
tinue as a judicial officer, in which instance
he shall, with his own consent to each assign-
ment, be subject to assignment by the Chief
Justice of the Supreme Court or by a Presiding
Judge of any Administrative Judicial District
to sit in any court of this state of the same dig-
nity, or lesser, as that from which he retired,
and if in a District Court, under the same rules
as provided by the present Administrative Judi-
cial Act, and while so assigned, shall have all the
powers of a judge thereof.  While assigned to
said court, such person shall be paid an amount
equal to the salary of the judge of said court, in
lieu of retirement allowance.

It is therefore apparent  that a judge who retires and does not accept an appointment to sit in a court of this State is not  thereafter a judicial officer, and has no further duties as a judge.   Accordingly, it is our opinion that those retired judges who are no longer "judicial officers" within section 7 of article 6228b are also not "elected officers" under section 2(2) of article 6252-9b and are not subject to its disclosure requirements.  Of course, were a retired judge to accept an executive or legislative office in state government he may be subject to the statutory financial disclosure requirements.  See Attorney General Opinion H-155 (1973).

However, those judges who continue as judicial officers retain duties as judges, and the public policy of the State, as expressed in section 1 of 6252-9b, supra, is applicable to the "discharge of [their] duties."  Attorney General Opinion H-190 (1973) held, paraphrasing the language of the statute, that:

> The courts whose judges are included by
> § 2(2)(C) in the definition of 'Elected officers, '
> therefore, are the courts of civil appeals,
> district courts, criminal district courts exer-
> cising the jurisdiction of district courts,
> courts of domestic relations, juvenile courts
> created by special laws, and any other legis-
> latively created courts, if there are any, which
> exercise district court jurisdiction.

A judge who served in one of these courts prior to his retirement would therefore have been an "elected officer" during his term of office. Since upon accepting assignment to a court under section 7A of article 6228b, a retired judge retains his character as a judicial officer, it is our opinion that insofar as a retired judge serves on one of the courts enumerated in H-190 (1973), supra, he comes within the broad definition of "elected officer" under section 2(2) of article 6252-9b, and in con- formity with the State's public policy is subject to the Act's financial reporting requirements.

## S U M M A R Y

A retired judge who does not accept assignment under section 7A of article 6228b is not an "elected officer" under article 6252-9b and is not required to file financial reports.

A retired judge who accepts assignment under section 7A of article 5228b to one of the courts covered by section 2(2) of article 6252-9b, is an "elected officer" and must comply with that statute's financial disclosure requirements.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee